IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
COMPETITIVE ENTERPRISE                 )
INSTITUTE,                                        )
                                                    )
            Plaintiff,                               )
                                                    )          Civil Action
            v.                                        )          No. 10-0883 (RWR)
                                                    )
NATIONAL AERONAUTICS               )
AND SPACE ADMINISTRATION,       )
                                                    )
            Defendant.                            )
_____)

## ANSWER TO COMPLAINT AND PRAYER
## FOR DECLARATORY AND INJUNCTIVE RELIEF

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against defendant upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### FOURTH DEFENSE

Defendant answers the numbered paragraphs of plaintiff's Complaint as follows:

1.        The first sentence in this paragraph contains plaintiff's characterization of this

lawsuit, not allegations of fact, and thus no response is required.  To the extent a response is

required, defendant admits that plaintiff filed this action for injunctive and other relief pursuant

to the Freedom of Information Act ("FOIA").  With respect to the second sentence, defendant

admits only that plaintiff filed requests under the FOIA in August 2007 and January 2008; the

remainder of this sentence contains plaintiff's characterization of the FOIA requests attached as

Exhibits A, B, and D to the Complaint, not allegations of fact, and thus no response is required.

To the extent a response is required, defendant respectfully refers the Court to Exhibits A, B, and

D to the Complaint as the best evidence of their contents.  The third sentence contains

conclusions of law, not allegations of fact, and thus no response is required; however, insofar as a

response may be deemed to be required, defendant denies.  The fourth sentence contains

plaintiff's opinion, not fact, and thus no response is required.  The fifth and sixth sentences

contain conclusions of law, not allegations of fact, and thus no response is required.  However,

insofar as a response may be required, with respect to the fifth sentence, defendant denies, and

with respect to the sixth sentence, defendant admits only that the National Aeronautics and Space

Administration ("NASA") is an entity of the federal government.  The seventh sentence contains

plaintiff's opinion, not fact, and thus no response is required.  The eighth sentence contains

conclusions of law, not allegations of fact, and thus no response is required; however, insofar as a

response may be deemed to be required, defendant denies.

     2.     This paragraph contains plaintiff's characterization of itself and its activities to

which a response is not required, but insofar as a response may be deemed to be required,

defendant lacks sufficient information or knowledge on which to form a basis as to the

truthfulness of the allegations.

     3.     This paragraph contains plaintiff's characterizations of NASA and NASA's

Goddard Institute of Space Studies ("GISS"), not allegations of fact, to which no response is

required.  To the extent a response is deemed to be required, defendant admits only that NASA is

a federal agency, of which GISS is a duty station based in New York City.

4-5.    These paragraphs contain conclusions of law and plaintiff's characterizations of various provisions of the United States Code, not allegations of fact, and thus no response is required.

6.    The first sentence in this paragraph contains plaintiff's characterization of this lawsuit, not allegations of fact, to which no response is required.  The second and third sentences in this paragraph contain plaintiff's characterization of the FOIA requests attached as Exhibits A, B, and D to the Complaint, not allegations of fact, and thus no response is required.  To the extent a response is required, defendant denies as to the third sentence in this paragraph and respectfully refers the Court to Exhibits A, B, and D to the Complaint as the best evidence of their contents.

7.    This paragraph contains plaintiff's opinion, not facts, and thus no response is required.  To the extent a response is required, defendant denies.

8.    The first sentence in this paragraph contains plaintiff's characterization of the FOIA requests attached as Exhibits A and B to the Complaint, not allegations of fact, and thus no response is required.  To the extent a response is required, defendant respectfully refers the Court to those exhibits as the best evidence of their contents.  Defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the remainder of this paragraph, except to admit that Steven McIntyre discovered what he believed was an error in NASA's temperature data sets, and he initiated correspondence with GISS scientists on the matter.

9.    This paragraph contains plaintiff's characterization of alleged activities by GISS

3

scientists over a six-year period, to which no response is required; however, insofar as a response is required, defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

10.     This paragraph contains plaintiff's characterization of alleged activities at GISS in response to Steven McIntyre's August 2007 inquiry, to which no response is required; however, insofar as a response is required, defendant denies the allegations in this paragraph except to admit that scientists at GISS reviewed McIntyre's questions and determined that McIntyre was correct and that there was an error in NASA's temperature data sets.

11.     With respect to the first sentence in this paragraph, defendant admits only that on or before August 7, 2007, GISS revised NASA's temperature data sets.  Defendant admits the second sentence in this paragraph.  The third sentence in this paragraph contains plaintiff's characterization of non-activity by NASA, to which no response is required; however, insofar as a response is required, defendant admits only that NASA did not issue a press release in connection with GISS's revision, on or before August 7, 2007, of NASA's temperature data sets.

12.     This paragraph contains plaintiff's characterization of NASA's temperature data sets, to which no response is required; however, insofar as a response is required, defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

13.     With respect to the first sentence in this paragraph, defendant denies.  The second sentence in this paragraph contains plaintiff's characterization of activities by "Mr. McIntyre and others," to which no response is required; however, insofar as a response is required, defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the

allegations contained in this sentence.  The third sentence in this paragraph contains plaintiff's characterization of GISS's revisions to the NASA temperature data sets, to which no response is required; however, insofar as a response is required, defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this sentence.

14.     This paragraph contains plaintiff's characterization of the FOIA request attached as Exhibit A to the Complaint, not allegations of act, and thus no response is required; however, insofar as a response is required, defendant admits that on August, 24, 2007, plaintiff filed the FOIA request attached as Exhibit A to the Complaint.

15.     This paragraph contains plaintiff's characterization of the FOIA request attached as Exhibit B to the Complaint, not allegations of fact, and thus no response is required; however, insofar as a response is required, defendant admits that on August 27, 2007, plaintiff filed the FOIA request attached as Exhibit B to the Complaint.

16.     The first sentence in this paragraph contains a conclusion of law based on plaintiff's interpretation of a federal statute, to which no response is required.  With respect to the second sentence in this paragraph, defendant admits.

17.     Admit.

18.     Admit.

19.     Admit.

20.     With respect to the first sentence in this paragraph, defendant admits.  The second and third sentences in this paragraph contain conclusions of law and plaintiff's characterizations of the Presidential Memorandum for Heads of Executive Departments and Agencies, 75 F.R. §

4683, 4683 (Jan. 21, 2009), not allegations of fact, and thus no response is required.  With respect to the fourth and fifth sentences in this paragraph, defendant admits.

21.     Admit.

22.     Admit.

23.     Admit.

24.     Admit only that on December 31, 2009, NASA produced to plaintiff 208 pages of records responsive to the requests attached as Exhibits A and B to the Complaint, and that NASA redacted some information from those records prior to production.  With respect to plaintiff's characterization of the 208 pages produced by NASA on December 31, 2009, as "heavily redacted", this portion of this paragraph contains an opinion, not fact, to which no response is required; however, insofar as a response is required, defendant denies.  Defendant respectfully refers the Court to the document attached to the Complaint as Exhibit C as the best evidence of its contents.

25.     This paragraph contains plaintiff's characterization of the records produced by NASA on December 31, 2009, not fact, to which no response is required.  To the extent a response is required, defendant denies that NASA's production "was woefully incomplete," and is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

26.     Defendant admits the allegations in this paragraph, except with respect to plaintiff's characterization of the 1500 pages produced by NASA on February 23, 2010 as "heavily redacted", which contains an opinion, not fact, to which no response is required; however, insofar as a response is required, defendant denies.

27.     This paragraph contains plaintiff's characterization of the FOIA request attached as Exhibit D to the Complaint, not allegations of act, and thus no response is required; however, insofar as a response is required, defendant admits that on January 28, 2008, plaintiff filed the FOIA request attached as Exhibit D to the Complaint

28.     Deny.

29.     With respect to the first and second sentences in this paragraph, defendant denies. Defendant is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence in this paragraph.

30-37.  Deny.

38.     With respect to the first sentence in this paragraph, defendant denies.  The second sentence in this paragraph contains a conclusion of law based on plaintiff's interpretation of a federal statute, to which no response is required; insofar as a response is required, defendant admits that it did not respond by February 26, 2008, to the FOIA request attached as Exhibit D to the Complaint.

39.     Admit.

40.     Admit.

41.     This paragraph contains plaintiff's characterization of the document attached to the Complaint as Exhibit E.  Defendant respectfully refers the Court to that exhibit as the best evidence of its contents.

42.     Admit.

43-46.  These paragraphs contain plaintiff's characterization of the document attached to the Complaint as Exhibit F.  Defendant admits only that NASA received from plaintiff a

document dated January 29, 2010, a copy of which appears as Exhibit F to the Complaint.  As to

the remaining allegations in these paragraphs, defendant denies and respectfully refers the Court

to that exhibit as the best evidence of its contents.

47-49.   These paragraphs contain plaintiff's characterization of the document attached to

the Complaint as Exhibit G.  Defendant admits only that NASA sent to plaintiff a letter dated

March 11, 2010, and that a copy of that letter is attached to the Complaint as Exhibit G.  As to

the remaining allegations in these paragraphs, defendant respectfully refers the Court to that

exhibit as the best evidence of its contents.

50.   This paragraph contains plaintiff's characterization of the document attached to

the Complaint as Exhibit G.  Defendant respectfully refers the Court to that exhibit as the best

evidence of its contents.

51.   Deny.

52.   This paragraph contains plaintiff's characterization of its actions and plaintiff's

characterization of a federal regulation, to which no response is required.

53.   Admit.

54.   Admit only that some members of Congress have written letters to NASA

Headquarters discussing NASA's response to plaintiff's FOIA requests and that the Inspector

General, NASA, conducted a brief investigation into NASA's response to plaintiff's FOIA

requests.

55.   Admit only that a letter from Senators Vitter and Inhofe, addressed to Paul K.

Martin, Office of the Inspector General, NASA Headquarters, dated December 3, 2009, is

attached as Exhibit H to the Complaint.  As to the remaining allegations in this paragraph,

defendant respectfully refers the Court to that exhibit as the best evidence of its contents.

56.     Admit only that a letter from Paul K. Martin, Inspector General, NASA, addressed to Senators Vitter and Inhofe, dated February 3, 2010, is attached as Exhibit I to the Complaint. As to the remaining allegations in this paragraph, defendant respectfully refers the Court to that exhibit as the best evidence of its contents.

57.     Defendant repeats and realleges the responses contained in paragraphs 1–56 inclusive.

58.     This paragraph contains conclusions of law and plaintiff's characterizations of a federal statute, a federal regulation, and the Presidential Memorandum for Heads of Executive Departments and Agencies, 75 F.R. § 4683, 4683 (Jan. 21, 2009), not allegations of fact, and thus no response is required.

59.     Defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, except to admit that plaintiff filed a FOIA request, attached as Exhibit D to the Complaint, on January 28, 2008.

60.     This paragraph contains plaintiff's characterization of the document attached as Exhibit G to the Complaint.  Defendant respectfully refers the Court to that exhibit as the best evidence of its contents, and denies to the extent this paragraph suggests that NASA did not release the requested information to plaintiff.

61.     This paragraph contains plaintiff's characterization of the document attached as Exhibit G to the Complaint.  Defendant respectfully refers the Court to that exhibit as the best evidence of its contents.

62-65.  These paragraphs contain conclusions of law and thus no response is required.  To

the extent a response is required, these paragraphs are denied.

66.     Defendant repeats and realleges the responses contained in paragraphs 1–56 inclusive.

67.     This paragraph contains conclusions of law and plaintiff's characterizations of a federal statute, a federal regulation, and the Presidential Memorandum for Heads of Executive Departments and Agencies, 75 F.R. § 4683, 4683 (Jan. 21, 2009), not allegations of fact, and thus no response is required.

68.     Deny.

69.     This paragraph contains a conclusion of law and thus no response is required; however, insofar as a response is required, defendant denies.

70.     This paragraph contains conclusions of law and thus no response is required.  To the extent a response is required, defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence in this paragraph and defendant denies the allegations contained in the second sentence in this paragraph.

71-72.  These paragraphs contain conclusions of law and thus no response is required.  To the extent a response is required, these paragraphs are denied.

73.     Defendant repeats and realleges the responses contained in paragraphs 1–56 inclusive.

74.     This paragraph contains conclusions of law and plaintiff's characterizations of a federal statute, a federal regulation, and the Presidential Memorandum for Heads of Executive Departments and Agencies, 75 F.R. § 4683, 4683 (Jan. 21, 2009), not allegations of fact, and thus

no response is required.

75.     This paragraph contains plaintiff's characterization of the document attached as Exhibit G to the Complaint.  Defendant respectfully refers the Court to that exhibit as the best evidence of its contents.

76.     This paragraph contains a conclusion of law and thus no response is required; however, insofar as a response is required, defendant denies.

77.     This paragraph contains plaintiff's characterization of the document attached as Exhibit G to the Complaint.  Defendant respectfully refers the Court to that exhibit as the best evidence of its contents.

78.     Defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence in this paragraph.  The second sentence in this paragraph contains a conclusion of law and thus no response is required.

79.     This paragraph contains a conclusion of law and thus no response is required; however, insofar as a response is required, defendant admits only that the records NASA has produced in response to plaintiff's FOIA request attached as Exhibit D to the Complaint does not contain any records from the Columbia University domain or any e-mail addresses that are not from the NASA domain.

80.     This paragraph contains conclusions of law and thus no response is required.  To the extent a response is required, defendant denies the allegations contained in this paragraph.

81-82.  These paragraphs contain conclusions of law and thus no response is required.  To the extent a response is required, these paragraphs are denied.

83.     Defendant repeats and realleges the responses contained in paragraphs 1–56

11

inclusive.

84.     This paragraph contains conclusions of law and plaintiff's characterizations of a federal statute, a federal regulation, and the Presidential Memorandum for Heads of Executive Departments and Agencies, 75 F.R. § 4683, 4683 (Jan. 21, 2009), not allegations of fact, and thus no response is required.

85.     This paragraph contains plaintiff's characterization of the document attached as Exhibit G to the Complaint.  Defendant respectfully refers the Court to that exhibit as the best evidence of its contents.

86.     This paragraph contains a conclusion of law and thus no response is required; however, insofar as a response is required, defendant denies.

87.     The first sentence in this paragraph contains plaintiff's characterization of the document attached as Exhibit B to the Complaint.  Defendant respectfully refers the Court to that exhibit as the best evidence of its contents.  With respect to the second sentence in this paragraph, defendant admits.

88-89.  These paragraphs contain conclusions of law and thus no response is required.  To the extent a response is required, these paragraphs are denied.

90.     Defendant repeats and realleges the responses contained in paragraphs 1–56 inclusive.

91.     This paragraph contains conclusions of law and plaintiff's characterizations of a federal statute, a federal regulation, and the Presidential Memorandum for Heads of Executive Departments and Agencies, 75 F.R. § 4683, 4683 (Jan. 21, 2009), not allegations of fact, and thus no response is required.

92.     This paragraph contains plaintiff's characterization of the document attached as Exhibit G to the Complaint.  Defendant respectfully refers the Court to that exhibit as the best evidence of its contents.

93.     This paragraph contains a conclusion of law and thus no response is required; however, insofar as a response is required, defendant denies.

94.     The first sentence in this paragraph contains plaintiff's characterization of the document attached as Exhibit B to the Complaint.  Defendant respectfully refers the Court to that exhibit as the best evidence of its contents.  With respect to the second sentence in this paragraph, defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.  The third sentence in this paragraph contains plaintiff's speculation and opinion, and a conclusion of law, not allegations of fact, and thus no response is required.

95.     Defendant is without information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

96.     This paragraph contains conclusions of law and thus no response is required.  To the extent a response is required, defendant denies the allegations contained in this paragraph.

97-98.  These paragraphs contain conclusions of law and thus no response is required.  To the extent a response is required, these paragraphs are denied.

The remaining paragraphs of the Complaint contain plaintiff's requested relief, to which no response is required. To the extent a response is deemed necessary, defendant denies the allegations contained in the remaining paragraphs of the Complaint and further avers that plaintiff is not entitled to any relief. Any allegation not specifically addressed is denied.

WHEREFORE, defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding defendant costs and such other relief as the Court may deem appropriate.

Dated: June 28, 2010                      Respectfully submitted,

                                          TONY WEST
                                          Assistant Attorney General

                                          JOHN R. TYLER
                                          Assistant Branch Director

                                          */s/ Julie Straus*
                                          Julie Straus
                                          Trial Attorney
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          Mailing Address
                                          P.O. Box 883
                                          Washington, D.C., 20044
                                          Delivery Address
                                          20 Massachusetts Ave., NW., Room 6126
                                          Washington, DC 20001
                                          Telephone: (202) 514-7857
                                          Fax: (202) 616-8460
                                          Julie.Straus@usdoj.gov

                                          COUNSEL FOR DEFENDANT